UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER FOLAN and ROBIN ALLEN, on behalf of themselves and all others similarly situated,<br><br>                     Plaintiffs,<br><br>    -against-<br><br>OPTION CARE HEALTH, INC.,<br><br>                    Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jennifer Folan and Robin Allen (collectively, "Plaintiffs"), along with any other similarly situated employees who may join this action, by their attorneys, Shavitz Law Group, P.A. and Werman Salas P.C., upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## INTRODUCTION

1.     This lawsuit seeks to recover unpaid straight time compensation and unpaid overtime compensation for Plaintiffs and similarly situated traveling infusion nurses, including but not limited to those working under the job titles of Infusion Nurse, Home Health Infusions Nurse, Field Nurse, and/or other similar positions with different titles (collectively, "Infusion Nurses"), who have worked for Defendant Option Care Health, Inc. ("Option Care" or "Defendant") in the State of Illinois.

2.     Plaintiffs bring this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), on behalf of themselves and all other persons similarly situated who suffered damages as a result of Defendant's violations

of the FLSA.

3.     In addition, Plaintiffs also bring this action on behalf of themselves and similarly situated Infusion Nurses in Illinois pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA"), and their respective implementing regulations.

4.     As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA by failing to pay its non-exempt, hourly Infusions Nurses, including Plaintiffs, for all of their hours worked, including overtime hours, based upon its unlawful policies and practices.

## THE PARTIES

*Plaintiffs*

*Jennifer Folan*

5.     Plaintiff Jennifer Folan ("Folan") is a resident of Mount Prospect, Illinois.

6.     Folan worked for Defendant as a non-exempt, hourly-paid Infusion Nurse from approximately December 2002 to September 2019 in Woodale, Illinois.

7.     At all times relevant, Folan was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), the IMWL and the IWPCA.

8.     Folan's last regular rate of pay was approximately $44.00 per hour.

9.     Folan's written consent to join this action is attached as Exhibit A.

*Robin Allen*

10.     Plaintiff Robin Allen ("Allen") is a resident of Crete, Illinois.

11.     Allen worked for Defendant as a non-exempt, hourly-paid Infusion Nurse from approximately March 20, 2015 to present in Chicago, Illinois.

12.     At all times relevant, Allen was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), the IMWL and IWPCA.

13.     Allen's last regular rate of pay was approximately $43.00 per hour.

14.     Allen's written consent to join this action is attached as Exhibit B.

*Defendant*

15.     Option Care is a Delaware corporation with its principal place of business in Bannockburn, Illinois.   According to Option Care's 2021 10-k, Option Care "is the largest independent provider of home and alternate site infusion services through its national network of 145 locations in 45 states."  Option Care has a "multidisciplinary team of approximately 2,900 clinicians, including pharmacists, pharmacy technicians, nurses and dietitians, are able to provide infusion service coverage for nearly all patients across the United States needing treatment for complex and chronic medical conditions."  *Id.*

16.     At all times relevant, Option Care was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), the IMWL and the IWPCA.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

18.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

- 3 -

19.     Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

20.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

21.     At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

22.     Defendant is within the personal jurisdiction and venue of this Court. Defendant's principal place of business is within this District and it has directly or indirectly acted in the interest of an employer towards Plaintiffs and other similarly situated Infusion Nurses at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiffs and other similarly situated employees.

23.     Throughout the relevant period, Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA. Defendant has substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

24.     Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

- 4 -

## COMMON FACTUAL ALLEGATIONS

25.     All Infusion Nurses perform the same primary duty of traveling to patients' homes to administer infusions.

26.     Throughout their employment as Infusion Nurses with Option Care, Plaintiffs and similarly situated Infusion Nurses have been scheduled to work approximately 40 hours per week.

27.     Throughout their employment as Infusion Nurses with Option Care, Plaintiffs and similarly situated Infusion Nurses have been classified as non-exempt and eligible to receive overtime pay.

28.     While Defendant regularly requires Plaintiffs and similarly situated Infusion Nurses to work overtime hours, it does not pay them for all hours worked.  Specifically, Defendant requires that Plaintiffs and similarly situated Infusion Nurses schedule their patients' infusions and upload documentation from the day's treatments into the patients' respective health records.

29.     Due to the demands of the Infusion Nurse position, this work, which is referred to as "Office Time," is typically performed at home after Plaintiffs and similarly situated Infusion Nurses are finished with the infusions scheduled for the day.

30.     Pursuant to Defendant's universal policies and procedures, Defendant only permits Plaintiffs and similarly situated Infusion Nurses to record up to 30 minutes of "Office Time" per day to complete these tasks.

31.     However, "Office Time" work typically takes Plaintiffs and similarly situated Infusion Nurses approximately one to two hours per day to complete and frequently is dependent on patient availability and responsiveness to communications.

32.     Defendant requires that Infusion Nurses obtain company approval prior to

requesting pay for more than 30 minutes of "Office Time." However, approval for additional "Office Time" work is rarely granted. To the extent Plaintiffs and similarly situated Infusion Nurses request additional "Office Time," they will typically only receive an additional 30 minutes, which is inadequate to compensate them for all of the "Office Time" work that they perform.

33. As such, Plaintiffs and similarly situated Infusion Nurses perform significant "Office Time" work off-the-clock, without compensation.

34. Defendant knows or should know that the "Office Time" that Plaintiffs and similarly situated Infusion Nurses are permitted to record is insufficient to compensate Plaintiffs and similarly situated Infusion Nurses for all of the "Office Time" work that they perform and, as such, Defendant knows or should know that Plaintiffs and similarly situated Infusion Nurses perform a significant amount of "Office Time" work off-the-clock.

35. In fact, Plaintiffs and similarly situated Infusion Nurses have complained to their supervisors about the fact that they have been unable to complete all of their "Office Time" work within the time they are permitted to record and therefore they are required to work off-the-clock to complete their required job duties.

36. Additionally, pursuant to Defendant's universal policies and procedures, Defendant requires that Plaintiffs and similarly situated Infusion Nurses record an uncompensated meal break if they work a shift of five or more hours.

37. Due to the demands of the job, Plaintiffs and similarly situated Infusion Nurses are typically unable to take an uninterrupted meal break. Instead, Plaintiffs and similarly situated Infusion Nurses generally eat while performing compensable work, most commonly while driving from one patient to another.

- 6 -

38.     Nevertheless, due to Defendant's policy requiring that Infusion Nurses record a meal break if they work a shift of five or more hours, Plaintiffs and similarly situated Infusion Nurses record uncompensated meal breaks on their time sheets despite typically being unable to take them.

39.     Working through these uncompensated meal breaks leads to Plaintiffs and similarly situated Infusion Nurses working uncompensated overtime hours.

40.     Defendant knows or should know that Plaintiffs and similarly situated Infusion Nurses work through their uncompensated meal breaks.

41.     As such, pursuant to its policies and procedures, Defendant has failed to record and pay all of the hours worked by Plaintiffs and similarly situated Infusion Nurses, thereby resulting in the failure to pay overtime in violation of the FLSA, IWML and IWPCA.

42.     Defendant is aware (or should have been aware) that Plaintiffs and similarly situated Infusion Nurses worked off-the-clock hours, including off-the-clock overtime hours.   But, Defendant failed and continues to fail to pay them all of their compensation owed by failing to credit them for all of the hours they work and suffering or permitting Plaintiffs and similarly situated Infusion Nurses to work off-the-clock hours.

43.     Defendant maintains time records for all their non-exempt hourly Infusion Nurses throughout Illinois.

44.     However, those time records fail to accurately reflect all of Plaintiffs' hours worked, based upon Defendant's policies and procedures for requiring Plaintiffs and the similarly situated Infusion Nurses to work off-the-clock hours, including overtime hours, and not crediting these hours worked.

- 7 -

45.     Based upon Defendant's policies and procedures, Defendant failed to keep accurate records of hours worked by Plaintiffs and similarly situated Infusion Nurses.

46.     Defendant's failure to pay Plaintiffs and similarly situated Infusion Nurses for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

## FLSA COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the "FLSA Collective." The FLSA Collective is defined as follows:

> All non-exempt hourly Infusion Nurses, however, variously titled, employed by Option Care anywhere in the state of Illinois, on or after March 12, 2018,[1] who worked more than 40 hours in one or more individual work weeks.

48.     Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the FLSA Collective.

49.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

50.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a.     willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendant in excess of 40 hours per workweek; and

b.     willfully failing to record all of the time that its employees, including

---

[1]     The parties entered into an agreement to toll the statute of limitations from November 25, 2020 until March 6, 2021 (103 total days).

Plaintiffs and the FLSA Collective, have worked for Defendant.

51.     Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

52.     Plaintiffs and the FLSA Collective all perform or performed the similar duties of Infusion Nurses.

53.     Plaintiffs and the FLSA Collective all were compensated on an hourly basis.

54.     Plaintiffs and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

55.     Defendant failed to make an adequate inquiry into whether Plaintiffs and the FLSA Collective were being paid for all hours worked.

56.     Upon information and belief, Defendant did not conduct any audit, analysis, or study to ensure that it compensated Plaintiffs and the FLSA Collective for all hours worked.

57.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## ILLINIOIS CLASS ALLEGATIONS

58.     Plaintiffs bring the Second Cause of Action on their own behalf and as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b), on behalf of the following class of persons:

> All Infusion Nurses who are currently or have been employed by Option Care in Illinois at any time between March 12, 2018 and the date of final judgment in this matter, who worked more than 40 hours in one or more individual work weeks (the "IMWL Class").

59.     Plaintiffs bring the Third Cause of Action on their own behalf and as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b), on behalf of the following class of

persons:

> All Infusion Nurses who are currently or have been employed by
> Option Care in Illinois at any time between March 12, 2011 and the
> date of final judgment in this matter (the "IWPCA Class").

60.     The IMWL Class and IWPCA Class are collectively referred to as the "Illinois Classes."

61.     Excluded from the Illinois Classes are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Classes.

62.     The members of the Illinois Classes are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within Defendant's sole control.

63.     Upon information and belief, the size of the Illinois Classes are each at least 40 individuals.

64.     Defendant has acted or refused to act on grounds generally applicable to the Illinois Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Classes as a whole.

65.     Common questions of law and fact exist as to the Illinois Classes that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

> (a) whether Defendant violated the IMWL and IWPCA;

- 10 -

(b) whether Defendant failed and/or refused to pay Plaintiffs and members of the IMWL Class overtime wages for all hours worked in excess of 40 per workweek in violation of and within the meaning of the IMWL;

(c) whether Defendant failed and/or refused to pay Plaintiffs and members of the Illinois Classes compensation for all hours worked in violation of and within the meaning of the IWPCA;

(d) whether Defendant's policy of failing to pay Plaintiffs and members of the Illinois Classes proper compensation, including overtime compensation, was done willfully or with reckless disregard of the law;

(e) whether Defendant failed to keep true and accurate time records of all hours worked by Plaintiffs and members of the Illinois Classes;

(f) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

(g) the nature and extent of class-wide injury and the measure of damages for those injuries.

66.    Plaintiffs' claims are typical of the claims of the Illinois Classes they seek to represent.

67.    Plaintiffs and members of the Illinois Classes work or have worked for Defendant as Infusion Nurses and have been subjected to Defendant's policy, pattern or practice of requiring Infusion Nurses to perform off-the-clock work, but not compensating them for all hours worked.

68.    Plaintiffs and members of the Illinois Classes enjoy the same statutory rights under the IMWL and IWPCA, including to be paid for all hours worked and to be paid overtime wages. Plaintiffs and members of the Illinois Classes have all sustained similar types of damages because of Defendant's failure to comply with the IMWL and IWPCA.  Plaintiffs and members of the Illinois Classes have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

69.    Plaintiffs will fairly and adequately represent and protect the interests of the Illinois

Classes. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Illinois Classes to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Illinois Classes just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Illinois Classes. Plaintiffs understand that to provide adequate representation, they must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify at deposition and/or trial.

70. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Illinois Classes.

71. A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Illinois Classes have been damaged and are entitled to recovery because of Defendant's violations of the IMWL and IWPCA, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Illinois Classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendant

to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

72. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**FIRST CAUSE OF ACTION**
**FLSA– Unpaid Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

73. Plaintiffs incorporate by reference all preceding allegations.

74. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

75. Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

78. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

- 13 -

80. Defendant has failed to pay Plaintiffs and the FLSA Collective all of the overtime wages to which they were entitled to under the FLSA.

81. Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

82. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

83. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84. As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

85. As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**IMWL – Overtime Wage Laws**
**(Brought on behalf of Plaintiffs and the IMWL Class)**

86. Plaintiffs, on behalf of themselves and all members of the IMWL Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

87. The foregoing conduct, as alleged, violates the IMWL, 820 ILCS 105/1 *et seq.*, and their implementing regulations. At all relevant times, the Defendant has been an "employer" within the meaning of 820 ILCS 105/3(c). At all relevant times, the Defendant has employed

employees including the Plaintiffs and each of the members of the IMWL Class, within the meaning of 820 ILCS 105/3(d).

88.     The Illinois wage and hour laws require an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  The Plaintiffs and all members of the IMWL Class are all classified as non-exempt from overtime pay.

89.     At all relevant times, the Defendant has had a policy and practice of failing and refusing to pay Plaintiff and the IMWL Class for all of their overtime hours worked.

90.     By failing to pay all wages earned and due to Plaintiffs and the IMWL Class for their hours worked in excess of forty hours per workweek, the Defendant has violated 820 ILCS 105/4a.

91.     Plaintiffs, on behalf of themselves and the IMWL Class, seek damages in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for off-the-clock work performed in excess of forty hours in a workweek, as provided by 820 ILCS 105/4a; and other damages, including damages of 5% of the amount of underpayments for each month the wages remain unpaid, and treble damages on all unpaid overtime wages pursuant to 820 ILCS 105/12(a); and such other legal and equitable relief as this Court deems just and proper.

92.     Plaintiffs, on behalf of themselves and the IMWL Class, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by 820 ILCS 105/12(a).

## THIRD CAUSE OF ACTION
### IWPCA – Straight Time
### (Brought on behalf of Plaintiffs and the IWPCA Class)

93.     Plaintiffs, on behalf of themselves and all members of the IWPCA Class, reallege

- 15 -

and incorporate by reference all allegations in all preceding paragraphs.

94. The foregoing conduct, as alleged, violates the IWPCA, 820 ILCS 115/1 *et seq.*, and their implementing regulations. At all relevant times, the Defendant has been an "employer" within the meaning of 820 ILCS 115/2. At all relevant times, the Defendant has employed employees including the Plaintiffs and each of the members of the IWPCA Class, within the meaning of 820 ILCS 115/2.

95. Defendant agreed to pay Plaintiffs and the members of the IWPCA Class an hourly rate of pay for all work they performed for Defendant, and Plaintiffs and the members of the IWPCA Class accepted Defendant's offers.

96. At all relevant times, the Defendant refused to pay Plaintiffs and the IWPCA Class for all of their hours worked.

97. By failing to pay all wages earned and due to Plaintiffs and the IWPCA Class pursuant to the agreements formed with Defendant at the time of their hiring, Defendant violated the IWPCA.

98. Plaintiffs, on behalf of themselves and the IWPCA Class, seek damages in the amount of the respective unpaid wages earned; and other damages, including prejudgment interest on the back wages in accordance with 820 ILCS 205/2; and such other legal and equitable relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs, the FLSA Collective and the Illinois Classes, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Infusion Nurses and similarly situated employees who are presently employed or have at any time since March 12, 2018, up through and including the date of this Court's issuance of court-supervised notice, worked for Option Care. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Certification of the Illinois Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiffs as Class Representatives for the Illinois Classes, and counsel of record as Class Counsel;

E. Unpaid overtime pay and any penalties and other damages as permitted by law pursuant to the IMWL;

F. Straight time hourly back wages due for the unpaid hours Plaintiffs and the IWPCA Class worked under forty hours per week;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

H. Pre-judgment interest and post-judgment interest as provided by law;

I.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Option Care from continuing their unlawful practices;

J.     Reasonable incentive award to compensate Plaintiffs for the time and effort they have spent and will spend protecting the interests of other Infusion Nurses, and the risks they are undertaking;

K.     Reasonable attorneys' fees, costs, and expenses; and

L.     Such other relief as this Court shall deem just and proper.

Dated: Chicago, Illinois                                    Respectfully submitted,
       June 23, 2021

                                                            /s/ Douglas M. Werman
                                                            Douglas Werman
                                                            WERMAN SALAS, P.C.
                                                            77 W. Washington St, Suite 1402
                                                            Chicago, IL 60602
                                                            Telephone:    (312) 419-1008
                                                            Facsimile:    (312)-419-1025
                                                            dwerman@flsalaw.com

                                                            Gregg I. Shavitz*
                                                            Alan Quiles*
                                                            Logan A. Pardell*
                                                            SHAVITZ LAW GROUP, P.A.
                                                            951 Yamato Road, Suite 285
                                                            Boca Raton, Florida 33431
                                                            Telephone:    (561) 447-8888
                                                            Facsimile:    (561) 447-8831
                                                            gshavitz@shavitzlaw.com
                                                            aquiles@shavitzlaw.com
                                                            lpardell@shavitzlaw.com

                                                            *Attorneys for Plaintiffs and the FLSA Collective*

                                                            *\* Pro Hac Vice admission forthcoming*

- 18 -