UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER FOLAN, et al., | ) |
|     Plaintiffs, | ) Case No. 21 C 3385 <br> ) |
| v. | ) <br> ) Magistrate Judge Gabriel A. Fuentes |
| OPTION CARE HEALTH, INC., | ) |
|     Defendant. | ) |

**ORDER**

In this matter before the magistrate judge on consent (D.E. 17), the Court now considers Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement (D.E. 34) in this lawsuit brought by named Plaintiffs Jennifer Folan and Robin Allen ("Plaintiffs") against Option Health Care, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* The Court has reviewed and considered the motion and its accompanying memorandum of law (D.E. 34-1) and other attached exhibits, including Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its attachments. On December 23, 2021, the Court granted preliminary approval to the settlement in this matter and scheduled a final approval hearing for April 25, 2022, by telephone, with the public being advised in the order of the call-in number and the time and date of the hearing. (D.E. 30, 31.) On April 25, 2022, the Court held the fairness hearing in open court with telephonic access by the public and anyone who might have asserted an objection to the Settlement Agreement. The parties, through their counsel, appeared telephonically. On conclusion of the fairness hearing, the Court finds and orders as follows:

1.　This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Settlement Class Members, preliminarily certified by Order dated December 23, 2021 (D.E. 31), and defined in the Settlement Agreement as:

- **FLSA Settlement Class:** All Named and Opt-in Plaintiffs and all individuals who worked as an Infusion Nurse, Home Health Infusions Nurse, Field Nurse, and/or other similar position with different titles (collectively, "Nurse") who worked for Defendant in Illinois as between March 12, 2018, and October 14, 2021.

- **Illinois Settlement Class:** All Named, Opt-in Plaintiffs and all Nurses who worked for Defendant in Illinois as between March 12, 2018, and October 14, 2021.

2.　Pursuant to Rule 23, the Court confirms as final its certification of the Illinois Settlement Class for settlement purposes based on the findings in the Preliminary Approval Order and in the absence of any objections from Settlement Class Members, or anyone else, to such certification. Defendant does not oppose certification of the Illinois Settlement Class and final approval of the Settlement Agreement.

3.　Upon a plan of notice consistent with the Court's December 23, 2021 Preliminary Approval Order, Notice of Settlement was distributed to Settlement Class Members and constituted the best notice practicable under the circumstances. The plan of notice was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process. In fact, of the 50 Settlement Class Members, notice by email and U.S. mail reached all but one of them. One Settlement Class Member timely requested exclusion from the Settlement and is therefore excluded from the Settlement Class.

4.　Pursuant to Rule 23(e)(2), this Court hereby grants the Motion for Final Approval

of Class and Collective Action Settlement and finally approves the Settlement Agreement as set forth therein. The Court finds that the Settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the Class Representatives and Class Counsel, who have significant experience representing parties in complex wage and hour class actions, have adequately represented the Settlement Class Members; (b) the Settlement was reached pursuant to arm's-length negotiations between the parties with the assistance of a mediator; (c); the parties have shown that the Gross Settlement Amount of $400,000.00 set forth in the Settlement Agreement is adequate when considering (i) the costs, risks, and delay of trial and appeal, (ii) the method for distributing relief to the Settlement Class Members, including the method for processing the Settlement Class Members' claims, was effective, with there being no objections to the Settlement from any of the Settlement Class Members, (iii) the attorneys' fees awarded to Class Counsel, including the timing of payment, are fair, (iv) the terms of the Settlement Agreement have been properly identified; (d) and the Settlement treats all Settlement Class Members equitably relative to each other.  Moreover, the Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Settlement Class Members who did not timely opt out are fair, reasonable and adequate, and the Settlement Administrator shall issue Settlement Checks to Class Members consistent with the allocation described in Section III.8 of the Settlement Agreement.

5.    In addition, pursuant to 29 U.S.C. § 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The Court further finds that with regard to the Fair Labor Standards Act ("FLSA") claims in the case, the proposed settlement is a

fair and reasonable resolution of a bona fide dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

6. All FLSA Settlement Class Members' Settlement Checks shall contain a limited endorsement on the back of the check as provided in the Settlement Agreement. An FLSA Settlement Class Member's endorsement on the Settlement Check will act as a properly filed Consent to join the FLSA claims in this lawsuit and an agreement to be bound by the Settlement.

7. The Court approves the release of claims set forth in Section III.2 of the Settlement Agreement.

8. The Release for Illinois Settlement Class Members shall not apply to the one Illinois Settlement Class Member who timely requested exclusion from the Settlement.

9. The Court confirms as final the appointment of Gregg I. Shavitz, Logan A. Pardell, and Alan L. Quiles, of Shavitz Law Group, P.A. and Douglas M. Werman of Werman Salas P.C., as class counsel for the Class Members pursuant to Federal Rule of Civil Procedure 23.

10. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement.

11. Class Counsel's request for attorneys' fees in the amount of $133,333.33 and for litigation expenses in the amount of $5,213.58 is approved.

12. The Court approves and finds reasonable the following Service Awards: $6,000.00 to each Class Representative and $4,000 to each Opt-in Plaintiff. These awards are in addition to the payments each individual will receive as his or her ratable share of the Net Settlement Amount as Settlement Class Members.

13. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $10,250.00 from the Gross Settlement Amount.

14. Pursuant to Section III.7 of the Settlement Agreement, Defendant is hereby ordered to deposit the Gross Settlement Amount into the Qualified Settlement Fund established by the Settlement Administrator by no later than 38 days after entry of this Order. Defendant shall deposit the employer's share of applicable payroll taxes into the Qualified Settlement Fund at the same time it deposits the Gross Settlement Amount into the Qualified Settlement Fund.

15. This Action is dismissed without prejudice. The dismissal without prejudice will convert to a dismissal with prejudice 60 days after Defendant has fully funded the Qualified Settlement Fund with the Gross Settlement Amount and the employer share of payroll taxes.

16. Through the date on which this dismissal of this action converts to a dismissal with prejudice, the Court retains jurisdiction over the Action for the purpose of interpreting, implementing, and enforcing the terms of the Settlement Agreement.

**SO ORDERED.**

                                                      **ENTER:**

                                                     **GABRIEL A. FUENTES**
                                                     **United States Magistrate Judge**

**DATED: April 25, 2022**